# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10905
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 18, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRANDON LEE HOWELL,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:16-CR-52-1

---

Before STEWART, DENNIS, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Brandon Lee Howell was sentenced to 30 months of imprisonment and a three-year term of supervised release following his 2017 conviction for being a felon in possession of a firearm and ammunition. His term of supervised release was revoked in 2022. For the first time on appeal, he challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10905

revocation of supervised release and a term of imprisonment for any offender who violates certain conditions of supervised release, including possessing a controlled substance.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Howell contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial.  He concedes that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and raises the issue to preserve it for further review.  The Government has filed an opposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Howell has advanced and held that § 3583(g) is not unconstitutional under *Haymond*.  *See Garner*, 969 F.3d at 551-53.  Thus, Howell's sole argument on appeal is foreclosed. Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).